SUMMARY ORDER

Petitioner Sai-Feng Guo, a citizen of the People’s Republic of China, seeks review of the September 11, 2008 order of the BIA affirming the February 8, 2007 decision of Immigration Judge (“IJ”) Paul A. DeFonzo denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Sai-Feng Guo, No. A200 031 549 (B.I.A. Sept. 11, 2008), aff'g No. A200 031 549 (Immig. Ct. N.Y. City, Feb. 8, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii); see Matter of J-Y-C-, 24 I. & N. Dec. 260, 265 (BIA 2007).
As a preliminary matter, because Guo failed to sufficiently challenge the IJ’s de *103 nial of her applications for withholding of removal and CAT relief in either her brief to the BIA or her brief to this Court, we deem those claims abandoned.[2] See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).
With respect to Guo’s asylum application, we find that the agency’s adverse credibility determination was supported by substantial evidence. For example, we find no error in the IJ’s finding that Guo submitted a fraudulent marriage certificate. See Zaman v. Mukasey, 514 F.3d 233, 239 (2d Cir.2008) (providing that an IJ is entitled to make findings concerning the authenticity of submitted evidence). The IJ correctly found that Guo’s testimony was inconsistent concerning the date on which the certificate was issued. Moreover, under the REAL ID Act standards, the IJ reasonably found it implausible that Guo could register her marriage, in spite of the fact that her husband had fled China, by submitting nothing more than a photograph of the two of them along with a bribe. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167-68 (2d Cir.2008); 8 U.S.C. § 1158(b)(1)(B)(iii). For similar reasons, we find that substantial evidence supports the IJ’s finding that Guo’s gynecological checkup booklet was fraudulent. The IJ reasonably concluded that Guo failed to adequately explain inconsistencies between that booklet and her testimony, notably regarding whether she was ever inserted with a third IUD. See 8 U.S.C. § 1158(b)(1)(B)(iii). Ultimately, the IJ’s conclusion that Guo submitted two fraudulent documents was a proper basis for his adverse credibility determination. See Za-man, 514 F.3d at 238. No error argued by Guo would, if found, induce us to disturb the agency’s adverse credibility determination as it can be confidently predicted that the agency would reach the same conclusion on remand. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 339 (2d Cir.2006). Accordingly, the agency’s denial of her application for asylum was not improper.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument.in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Guo did not raise any claim for relief based on the birth of her second child in either her brief to the BIA or her brief to this Court. Therefore, we also deem that claim abandoned. See Gui Yin Liu, 508 F.3d at 723 n. 6.